UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Wilman Cuchimaque, *on behalf of himself and others similarly situated in  the proposed FLSA Collective Action,*

                                        *Plaintiff,*

        - against -

A. Ochoa Concrete Corp., and Alcides Ochoa,

                                        *Defendants.*
------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

**COMPLAINT**

Plaintiff Wilman Cuchimaque ("Plaintiff" or "Cuchimaque"), on behalf of himself and others similarly situated, by and through his attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to himself and upon information and belief as to others, brings this complaint against Defendants A. Ochoa Concrete Corp., (the Corporate Defendant"), and Alcides Ochoa (the "Individual Defendant", and collectively with the Corporate Defendant, the "Defendants") and states as follows:

**NATURE OF THE ACTION**

1.      Plaintiff brings this lawsuit seeking recovery, for himself and all other similarly situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

2.      Plaintiff seeks injunctive and declaratory relief and to recover unpaid overtime wages, untimely paid wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

3.       The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216

(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's

claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4.       This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28

U.S.C. § 1331 because his claims arise under the FLSA.

5.       Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all

events relevant to this action occurred in this District, and the acts and omissions giving rise to

the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF WILMAN CUCHIMAQUE**

6.       Plaintiff was employed as a manual laborer at Defendants' construction company

located at 1739 Pine Grove Boulevard, Bay Shore, NY 11706 ("A. Ochoa Concrete"), from

approximately May 2022  to, through and including July 2022.

7.       Plaintiff was employed as a non-managerial employee for Defendants from May

2022  to, through and including July 2022.

8.       At all relevant times, Plaintiff has been an employee within the meaning of Section

3(e) of the FLSA, 29 U.S.C. § 203(e).

9.       At all relevant times, Plaintiff has been a manual worker within the meaning of

NYLL § 191(1)(a).

**DEFENDANT A. OCHOA CONCRETE CORP.**

10.       Upon information and belief, Defendant A. Ochoa Concrete Corp. is a domestic

corporation organized and existing under the laws of New York.

11.     Upon information and belief, Defendant A. Ochoa Concrete Corp. is licensed to do business in the State of New York, and at all relevant times here to, maintained a principal place of business at 1739 Pine Grove Boulevard, Bay Shore, NY 11706.

12.     At all times relevant to this Complaint, Defendant A. Ochoa Concrete Corp. (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

13.     At all times relevant to this Complaint, Defendant A. Ochoa Concrete Corp. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

14.     At all times relevant to this Complaint, Defendant A. Ochoa Concrete Corp. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

15.     The true name of Defendant A. Ochoa Concrete Corp. is unknown to Plaintiff at this time, and Plaintiff will seek leave to amend this Complaint to state its true name when it has been ascertained.

**DEFENDANT ALCIDES OCHOA**

16.     Defendant Alcides Ochoa is an individual engaging (or who have engaged) in business within this judicial district during the relevant time period.

17.     Defendant Alcides Ochoa is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendant.

18.     Defendant Alcides Ochoa possesses or possessed operational control over the

Corporate Defendant, or controlled significant functions of the Corporate Defendant.

19.     Defendant Alcides Ochoa determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

20.     At all times relevant to this Complaint, Defendant Alcides Ochoa has been and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

21.     Defendants own, operate and/or control the construction company located at 1739 Pine Grove Boulevard, Bay Shore, NY 11706 (*i.e.,* A. Ochoa Concrete).

22.     The Individual Defendant possesses operational control over the Corporate Defendant, possesses an ownership interest in the Corporate Defendant, and controls significant functions of the Corporate Defendant.

23.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24.     Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

25.     Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

4

26.     In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

27.      Upon information and belief, the Individual Defendant operates the Corporate Defendant as either an alter ego of himself, and/or fails to operate the Corporate Defendant as an entity legally separate and apart from himself, by, among other things:

a.     failing to adhere to the corporate formalities necessary to operate the Corporate Defendant a separate and legally distinct entity;

b.     defectively forming or maintaining the Corporate Defendant, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

c.     transferring assets and debts freely as between all Defendants;

d.     operating the Corporate Defendant for their own benefit as the majority shareholder;

e.     operating the Corporate Defendant for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

f.     intermingling assets and debts of their own with the Corporate Defendant;

g.     diminishing and/or transferring assets of the Corporate Defendant to protect their own interests; and

h.     other actions evincing a failure to adhere to the corporate form.

28.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

29.     Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange

for Plaintiff's services.

## FACTUAL ALLEGATIONS

30.     Plaintiff and other similarly situated individuals are individuals who have worked for Defendants in similarly-titled, hourly paid position, during the statutory period.

31.     Plaintiff and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

32.     Plaintiff was an employee of Defendants.

33.     Plaintiff was employed as manual laborer at A. Ochoa Concrete from approximately May 2022 to, through and including July 2022.

34.     From approximately May 2022 to, through and including July 2022, Plaintiff worked at A. Ochoa Concrete five (5) days per week as follows: from approximately 7:00 a.m. to 5:30 p.m. (*i.e.,* 10.5 hours per day), for a total period of approximately 52.5 hours during each of the weeks, respectively.

35.     From May 1, 2022 to, through and including May 31, 2022, Cuchimaque was paid $20 per hour for all hours worked.

36.     From June 1, 2022 to, through and including July 2022, Cuchimaque was paid $21 per hour for all hours worked.

37.     Plaintiff was required to work in excess of forty (40) hours per week, but never received an overtime premium of one and one-half times his regular rate of pay for those hours.

38.     Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

39.     Defendants did not state the correct gross wages, as defined by NYLL, for any employee on any pay statement as required by NYLL or deductions from the correct gross wages.

40.     Plaintiff was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

41.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

42.     Defendants did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

43.     Defendants did not give any notice to Plaintiff of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

44.     At all relevant times, Defendants did not pay Plaintiff at the rate of one and one-half times his hourly wage rate for hours worked in excess of forty per workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

45.     Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to manual laborers) employed by Defendants on or after the date that is three years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

46.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wage for all hours worked over 40 hours per week. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

47.     The First Claim for Relief is properly brought under and maintained as an opt-in

collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective

Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their

names and addresses are readily available from the Defendants. Notice can be provided to the

FLSA Collective Plaintiffs via first class mail to the last address known to Defendants

48.     Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to

notice or collective certification, and thereafter, as necessary.

### FIRST CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

49.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth

herein.

50.     At all relevant times to this action, Plaintiffs are covered, non-exempt employees

within the meaning of the FLSA.

51.     Defendants were required to pay Plaintiffs one and one-half (1 1/2) times the

regular rate at which Plaintiffs were employed for all hours worked in excess of forty hours in a

workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et

seq.

52.     Defendants failed to pay Plaintiffs the overtime wages to which they are entitled

under the FLSA.

53.     Defendants willfully violated the FLSA by knowingly and intentionally failing to

pay Plaintiffs overtime wages.

54.     Due to Defendants' willful violations of the FLSA, Plaintiffs, on behalf of

themselves and FLSA Collective Plaintiffs, are entitled to recover their unpaid overtime wages,

liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-

judgment interest.

**SECOND CLAIM**
**(NYLL – Unpaid Overtime Wages)**

55.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

56.     Plaintiffs are covered, non-exempt employees within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

57.     Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiffs one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

58.     Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the NYLL.

59.     Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs overtime wages.

60.     Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

**THIRD CLAIM**
**(NYLL – Spread-of-Hours Pay)**

61.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

62.     Defendants willfully failed to pay Plaintiffs additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiffs' shifts spread over more than ten (10) hours.

63.     By Defendants' failure to pay Plaintiffs spread-of-hours pay, Defendants willfully

violated §650 et seq. of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

64.     Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

**FOURTH CLAIM**
**(NYLL WTPA– Failure to Provide Wage Notices)**

65.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

66.     The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

67.     In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiffs at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

68.     Due to Defendants' violations of NYLL §195 (1), Plaintiffs are entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

**FIFTH CLAIM**
**(Violation of the Wage Statement Provisions of the NYLL)**

69.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

70.     With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

71.     As a result of Defendant's violation of the WTPA, Plaintiffs are entitled to damages of at least $150 per week during which the violations occurred.

**SIXTH CLAIM**
**(Failure to Pay Timely Wages)**

72.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

73.     NYLL § 191(1)(a) prohibits employers from paying manual workers at no less than on a weekly basis.

74.     As described above, throughout their employment with Defendants, Plaintiffs were underpaid their wages each week.

75.     As a result of Defendants' violation of NYLL § 191(1)(a), Plaintiffs are entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-a).

11

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a.   authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b.   certification of this case as a collective action pursuant to the FLSA;

c.   issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the FLSA Collective Plaintiffs;

d.   declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e.   declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

f.   declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

g.   declaring that Defendant violated the timely pay provisions of the NYLL;

h.   awarding Plaintiff unpaid overtime wages;

i.   awarding Plaintiff unpaid spread-of-hours pay;

j.   awarding unpaid wages under New York State law for failure to pay timely wages;

k.   awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

l.   awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

m.     awarding Plaintiff pre- and post-judgment interest under the NYLL;

n.     awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of
       this action; and

o.     Such other relief as this Court deems just and proper.


Dated: New York, New York
       October 12, 2022                       Respectfully submitted,



                                      By:  /s/ Joshua Levin-Epstein
                                           Joshua Levin-Epstein
                                           Jason Mizrahi
                                           Levin-Epstein & Associates, P.C.
                                           60 East 42nd Street, Suite 4700
                                           New York, New York 10165
                                           Tel: (212) 792-0048
                                           Email: Jason@levinepstein.com
                                           *Attorneys for the Plaintiff and proposed FLSA*
                                           *Collection Action Plaintiff*