**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
Wilman Cuchimaque, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action*,

                               *Plaintiff*,

           - *against* -

A. Ochoa Concrete Corp., and Alcides Ochoa,

                             *Defendants*.
-------------------------------------------------------------X

Case No. 1: 22-cv-06136-RPK-RML

Hon. Rachel P. Kovner, U.S.D.J

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**
<u>**PURSUANT TO FED.R.CIV.P. 55(b)**</u>

**LEVIN-EPSTEIN & ASSOCIATES, P.C.**
Jason Mizrahi, Esq.
Joshua Levin-Epstein, Esq.
60 East 42nd Street, Suite 4700
New York, NY 10165
*Attorneys for Plaintiff*

Dated: New York, New York
       January 3, 2023

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** .................................................................................................. 4

**FACTUAL BACKGROUND** ...................................................................................................... 5

    I.    The Underlying Action ................................................................................................. 5

    II.   The Filing, and Service of the Complaint .................................................................. 6

**LEGAL STANDARD** ................................................................................................................. 6

    I.    Entry of a Default Under Fed.R.Civ.P. 55(b) ............................................................. 6

**ARGUMENT** ............................................................................................................................... 7

    I.    Default is Warranted Under Fed.R.Civ.P. 55(b)(2) .................................................... 7

    A.   The Corporate Defendant Has Failed to Respond to the Complaint ....................... 8

    B.   Substantive Material Issues of Fact are not in Dispute ........................................... 9

    i.    The Corporate Defendant Employed Plaintiff ..................................................... 10

    ii.   Plaintiff's Overtime Claims .................................................................................. 11

    iii.  Liquidated Damages ............................................................................................. 13

    iv.  Plaintiff's WTPA Claims ...................................................................................... 13

    v.   Pre-Judgment Interest ........................................................................................... 14

    vi.  Attorneys' Fees ..................................................................................................... 15

**CONCLUSION** ......................................................................................................................... 17

# TABLE OF AUTHORITIES

Page(s)

Cases

*Anthony v. Franklin First Fin., Ltd.*,
  844 F. Supp. 2d 504 (S.D.N.Y. 2012) ............................................................................... 15

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*,
  522 F.3d 182 (2d Cir. 2008) ....................................................................................... 15, 16

*Asllani v. Hoti*,
  2020 WL 5439761 (S.D.N.Y. 2020) ................................................................................ 13

*Badian v. Brandaid Communications*,
  2004 WL 1933573 (S.D.N.Y. 2004) .................................................................................. 7

*Barfield v. New York City Health & Hosps. Corp.*,
  537 F.3d 132 (2d Cir. 2008) ............................................................................................. 10

*Briaroatch Ltd., L.P. v. Geisler Roberdeau, Inc.*,
  513 F. Supp. 2d 1 (S.D.N.Y. 2007) .................................................................................... 7

*Carter v. Dutchess Cmty. Coll.*,
  735 F.2d 8 (2d Cir. 1984) ................................................................................................. 11

*City of New York v. Mickalis Pawn Shop, LLC*,
  645 F.3d 114 (2d Cir. 2011) ............................................................................................... 9

*Diggs v. Kralik*,
  2006 WL 1951863 ............................................................................................................. 6

*Enron Oil Corp. v. Diakuhara*,
  10 F.3d 90 (2d Cir. 1993) .................................................................................................. 7

*Glatt v. Fox Searchlight Pictures Inc.*,
  293 F.R.D. 516 (S.D.N.Y. 2013) ...................................................................................... 11

*Glatt v. Fox Searchlight Pictures Inc.*,
  811 F.3d 528 (2d Cir. 2016) ............................................................................................. 11

*Guerra v. Trece Corp.*,
  2021 WL 1893593 (S.D.N.Y. 2021) ................................................................................ 16

*Gunnells v. Teutul*
  392 F. Supp. 3d(2d Cir. 1993) ........................................................................................... 7

*Healey v. Leavitt*,
  485 F.3d 63 (2d Cir. 2007) ............................................................................................... 15

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) ......................................................................................................... 15

*Kuebel v. Black & Decker Inc.*,
  643 F.3d 352 (2d Cir. 2011) ............................................................................................. 12

*Lopez v. Nights of Cabiria, LLC*,
  96 F. Supp. 3d 170 (S.D.N.Y. 2015) ................................................................................ 15

*Meide Zhang v. Liang Zhang*,
  2020 WL 9256464 (S.D.N.Y. 2020), *report and recommendation adopted as modified* ............... 16

*Millea v. Metro-North Railroad Co.*,
  658 F.3d 154 (2d Cir. 2011) ............................................................................................. 15

*Moon v. Kwon*
  248 F.Supp.2d (S.D.N.Y. 2002) ....................................................................................... 11

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*,

723 F.3d 192 (2d Cir. 2013) .............................................................................................. 12
*Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*,
   301 F.3d 54 (2d Cir. 2002) ................................................................................................ 9
*Salazar v. 203 Lena Inc.*,
   2020 WL 5627118 (S.D.N.Y. 2020) ............................................................................... 16
*Savoie v. Merchs. Bank*,
   166 F.3d 456 (2d Cir. 1999) ............................................................................................ 15
*Shah v. New York State Dept. of Civil Serv.*,
   168 F.3d 610 (2d Cir. 1999) .............................................................................................. 7
*Simmons v. New York City Transit Auth.*,
   575 F.3d 170 (2d Cir. 2009) ............................................................................................ 16
*Ting Yao Lin v. Hayashi Ya II, Inc.*,
   2009 WL 289653 (S.D.N.Y. 2009) ................................................................................. 14
*Vargas v. Jet Peru-Courier Corp.*,
   2018 WL 1545699 (E.D.N.Y. 2018) ............................................................................... 11
*Zhang* v. Zhang
   2021 WL 1154084 (S.D.N.Y. 2021) ............................................................................... 16
*Zheng v. Liberty Apparel Co.*,
   355 F.3d 61 (2d Cir. 2003) ........................................................................................ 10, 11

Statutes

29 U.S.C. § 207(a)(1) ............................................................................................................ 10
29 U.S.C. § 216(b) ..................................................................................................... 12, 13, 15
29 U.S.C. § 255(a) ................................................................................................................. 12
N.Y. Bus. Corp. Law § 304 ..................................................................................................... 8
N.Y. Bus. Corp. Law § 306 ..................................................................................................... 8
N.Y. Lab. Law § 195(1)(a) .................................................................................................... 13
N.Y. Lab. Law § 195(3) ......................................................................................................... 14
N.Y. Lab. Law § 650 ............................................................................................................. 12
N.Y. Lab. Law § 663(1) .................................................................................................. 13, 15
§ 207(a) .................................................................................................................................. 12

Rules

Fed.R.Civ.P. 4(e)(1) ................................................................................................................. 8
Fed.R.Civ.P. 4(h) ..................................................................................................................... 8
Fed.R.Civ.P. 8(b)(6) ................................................................................................................ 9
Fed.R.Civ.P. 12 ............................................................................................................... 4, 6, 9
Fed.R.Civ.P. 55(b)(2) ...................................................................................................... 6, 7, 9
Fed.R.Civ.P. 55(c) ................................................................................................................... 7
Fed.R.Civ.P. 55(b) ............................................................................................................... 4, 6
N.Y. CPLR § 5001 ................................................................................................................ 14
N.Y. CPLR § 5004 ................................................................................................................ 14
N.Y. CPLR 308(2) ................................................................................................................... 8
N.Y. CPLR § 308(6) ................................................................................................................ 8
29 C.F.R. § 791.2 .................................................................................................................. 10

Plaintiff Wilman Cuchimaque ("Plaintiff"), by and through the undersigned counsel, Levin-Epstein & Associates, P.C., respectfully submits this Memorandum of Law, the Affidavit of Wilman Cuchimaque (the "Wilman Aff."), and the Declaration of Jason Mizrahi (the "Mizrahi Decl.") and the exhibits annexed thereto, in support of Plaintiff's motion for default judgment against Defendant A. Ochoa Concrete Corp. (the "Corporate Defendant"), pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 55(b) (the "Motion for Default"), and as grounds thereto respectfully state as follows:

## PRELIMINARY STATEMENT

The Corporate Defendant's failure to appear, plead, or otherwise defend against Plaintiff's complaint filed on October 12, 2022 [Dckt. No. 1] (the "Complaint") warrants the entry of a default judgment pursuant to Fed.R.Civ.P. 55(b).

On October 24, 2022, the Corporate Defendant was served a Summons and Complaint, with Civil Cover Sheet. [Dckt. No. 8]. Pursuant to Fed.R.Civ.P. 12, an answer or other response to the Complaint was due on or before November 14, 2022. On October 27, 2022, poof of service was filed with the Court. [*Id.*]. However, to date, the Corporate Defendant has not answered or otherwise responded to Plaintiff's Complaint and that time for the Corporate Defendant to do so has expired. Accordingly, this Court should grant Plaintiff's Motion for Default against the Corporate Defendant, and enter an Order awarding damages to Plaintiff for unpaid overtime wages; liquidated damages in an amount equal to the total amount of wages found to be due; statutory damages as a result of the Corporate Defendant's failure to furnish accurate wage notice pursuant to the NYLL; pre- and post-judgment interest under the NYLL; and reasonable attorneys' fees and the costs and disbursements of this action.

**FACTUAL BACKGROUND**

I. **The Underlying Action**

As alleged in the Complaint, Plaintiff was employed as a manual laborer at Defendants' concrete company known as A. Ochoa Concrete Corp. from on or around May 2022 to, through and including July 2022. [Dckt. No. 1 at ¶ 6]. From approximately May 2022 through and including July 2022, Plaintiff worked five (5) days per week, from approximately 7:00 a.m. to 5:30 p.m. (*i.e.,* 10.5 hours per day), for a total period of approximately 52 hours during each of the weeks, respectively. [*Id*. at ¶ 34]. From approximately May 1, 2022, to, through and including May 31, 2022, Defendants paid Plaintiff $20 per hour for all hours worked. [*Id*. at ¶ 35]. From June 1, 2022 to, though, and including July 2022, Defendants paid Plaintiff $21 per hour for all hours worked. [*Id*. at ¶ 36].

Plaintiff was required to work in excess of forty (40) hours per week, but never received an overtime premium of one and one-half times his regular rate of pay for those hours. [*Id*. at ¶ 37]. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees. [*Id.* at ¶ 38]. Defendants did not state the correct gross wages, as defined by NYLL, for any employee on any pay statement as required by the NYLL or deductions from the correct gross wages. [*Id.* at ¶ 39]. Plaintiff was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked. [*Id*. at ¶ 40]. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages, as required under the FLSA or NYLL. [*Id.* at ¶ 41]. Defendants did not provide Plaintiff a statement of wages, as required by NYLL 195 (3). [*Id.* at ¶ 42]. Defendants did not give any notice to Plaintiff of his rate of pay, employer's regular pay day, and such other information as required by NYLL 195(1). [*Id.* at ¶43]. At all relevant times, Defendants did not pay Plaintiff at the rate of one and one-half times his hourly wage rate

5

for hours worked in excess of forty per workweek. [*Id.* at ¶ 44].

## II. The Filing, and Service of the Complaint

Plaintiff filed the Complaint October 12, 2022. [Dckt. No. 1]. On October 12, 2022, Plaintiff filed Proposed Summons. [Dckt. No. 4]. Summonses were subsequently issued to the Defendants on October 14, 2022. [Dckt. No. 7]. On October 24, 2022, the Corporate Defendant was served a Summons and Complaint, with Civil Cover Sheet. [Dckt. No. 8]. Pursuant to Fed.R.Civ.P. 12, an answer or other response to the Complaint was due on or before November 14, 2022. On October 27, 2022, Poof of service was filed with the Court. [*Id.*] However, to date, the Corporate Defendant has not answered or otherwise responded to Plaintiff's Complaint and that time for the Corporate Defendant to do so has expired.

On December 5, 2022, the Clerk of the Court entered a Certificate of Default as against the Corporate Defendant. [Dckt. No. 10].

## LEGAL STANDARD

### I. Entry of a Default Under Fed.R.Civ.P. 55(b)

Fed.R.Civ.P. 55(b)(2)[1] provides that a court may enter a judgment of default upon the application of one party and notice to the defaulting party. *Diggs v. Kralik*, 2006 WL 1951863, at

---

[1] Fed.R.Civ.P. 55(b)(2) states:

> By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Fed.R.Civ.P. 55(b)(2).

*1 (S.D.N.Y. 2006). In determining whether a default judgment should be entered under Fed.R.Civ.P. 55(b)(2), a Court may exercise its sound judicial discretion. *Gunnells v. Teutul*, 392 F. Supp. 3d 451, 453 (S.D.N.Y. 2019); *see also Briaroatch Ltd., L.P. v. Geisler Roberdeau, Inc.*, 513 F. Supp. 2d 1, 3 (S.D.N.Y. 2007); *Badian v. Brandaid Communications Com.*, 2004 WL 1933573 (S.D.N.Y. 2004); *Shah v. New York State Dept. of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999). "The dispositions of motions for entries of defaults and default judgments…are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Gunnells*, 392 F. Supp. 3d at 453 (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). The Court may consider various factors, including:

> "[T]he amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt. Furthermore, the court may consider how harsh an effect a default judgment might have; or whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant."

*Badian*, 2004 WL 1933573 (quotation marks and citation omitted). Moreover, the Court may consider whether: (1) a party has failed to plead or otherwise defend; (2) substantive material issues of fact appear to be in dispute; and (3) it appears unlikely that a party would be able to demonstrate the good cause necessary to vacate a default judgment pursuant to Fed.R.Civ.P. 55(c). *Briaroatch*, 513 F. Supp. 2d at 3.

## ARGUMENT

### I. Default is Warranted Under Fed.R.Civ.P. 55(b)(2)

As set forth more fully below, a default judgment is warranted under Fed.R.Civ.P. 55(b)(2) for three distinct reasons. First, the Corporate Defendant has failed to respond to the Complaint, and their time to plead or otherwise defend this action has expired. Second, Plaintiff has satisfied

his burden of proof demonstrating the Corporate Defendant's violation of the FLSA and NYLL. Third, no good cause exists to vacate a default judgment.

### A. The Corporate Defendant Has Failed to Respond to the Complaint

New York Civil Practice Law and Rules ("CPLR") § 308(2) ("Personal Service Upon a Natural Person") provides that "[i]ndividuals may be served by delivering the summons within the state to a person of suitable age and discretion at [defendant's] actual place of business…[and] mailing the summons by first class mail to the person to be served at his or her actual place of business…" CPLR § 308(2), where "actual place of business' shall include any location that the defendant, through regular solicitation or advertisement, has held out as its place of business." CPLR § 308(6).

Under Fed.R.Civ.P. 4(h) ("Serving a Corporation, Partnership, or Association"), service is proper on a domestic or foreign corporation by either: (1)(A) following state law for serving a summons in an action brought in the state where the district court is located; or, *inter alia*, (1)(B) serving an officer, manager, or agent authorized to receive service. Fed.R.Civ.P. 4(h). N.Y. Bus. Corp. Law § 306 dictates that service on a domestic corporation is "complete when the secretary of state is…served" and that the secretary "shall promptly send one of such copies by certified mail, return receipt requested, to such corporation, at the post office address, on file in the department of state, specified for the purpose." N.Y. Bus. Corp. Law § 306. *See also* N.Y. Bus. Corp. Law § 304 ("The secretary of state shall be the agent of every domestic corporation…upon whom process against the corporation may be served"); Fed.R.Civ.P. 4(e)(1) (permitting a plaintiff to serve a defendant by following the procedures set forth by state law in the state where the district is located).

In New York, a process server's affidavit of service establishes a *prima facie* case of the

8

account of the method of service, and thus, in the absence of contrary facts, [a court] presume[s] that [the defendant] was properly served with the complaint." *CIT Bank, N.A. v. Nwanganga*, 328 F. Supp. 3d 189, 198 (S.D.N.Y. 2018) (citing *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002)).

Plaintiff filed the Complaint on October 12, 2022. [Dckt. No. 1]. On October 12, 2022, Plaintiff filed Proposed Summons. [Dckt. No. 4]. Electronic summonses were subsequently issued on October 14, 2022 [Dckt. No. 7]. On October 24, 2022, the Corporate Defendant was served a Summons and Complaint, with Civil Cover Sheet. [Dckt. No. 8]. Pursuant to Fed.R.Civ.P. 12, an answer or other response to the Complaint was due on or before November 14, 2022. October 27, 2022, Poof of service was filed with the Court. [*Id.*] However, to date, the Corporate Defendant has not answered or otherwise responded to Plaintiff's Complaint and that time for the Corporate Defendant to do so has expired. On December 5, 2022, the Clerk of the Court entered a Certificate of Default as against the Corporate Defendant. [Dckt. No. 10].

### B. Substantive Material Issues of Fact are not in Dispute

As a result of the Corporate Defendant's default, the factual allegations asserted in Plaintiff's Complaint are deemed admitted. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011); Fed.R.Civ.P. 8(b)(6). Moreover, the allegations in the Complaint, and in the Mizrahi Decl. and Christian Aff. are sufficient to warrant a finding of liability against each defendant. *Id*. Thus, there are no substantive material issues of fact in dispute regarding Plaintiff's claims for unpaid overtime wages, liquidated damages, spread-of-hours pay, violations of the WTPA and pre-judgment interest. Accordingly, default judgment is warranted under Fed.R.Civ.P. 55(b)(2).

### i. The Corporate Defendant Employed Plaintiff

The FLSA mandates that "no employer shall employ any of his employees…for a workweek longer than forty hours unless such employee receives compensation for his employment in excess [of 40 hours] at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). In addition, the FLSA sets forth a minimum hourly wage that an employer must pay its employees. *See id.* § 206(a)(1)(C) . The FLSA defines an "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee…" *Id.* § 203(d) ; *see also id.* § 203(g)  (defining "employ" as "to suffer or permit to work"). An employee may bring suit against his employer under the FLSA where the employee was "engaged in commerce or in the production of goods for commerce," or where the employer is "an enterprise engaged in commerce or in the production of goods for commerce," *id.* § 207(a)(1) , with an annual gross volume of sales of at least $500,000, *id.* § 203(s)(1)(A)(ii) .

An employee may simultaneously have multiple "employers" for purposes of determining responsibility under the FLSA. Indeed, the regulations promulgated by the United States Department of Labor under the FLSA recognize that there may be joint liability for FLSA violations. *See* 29 C.F.R. § 791.2 ("A single individual may stand [as an employee] to two or more employers at the same time under the Fair Labor Standards Act...."); *see also Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 66 (2d Cir. 2003) (collecting cases that permit claims against joint employers under the FLSA). In order to determine whether an employer-employee relationship exists for FLSA purposes, courts have adopted an "economic realities" test, "grounded in economic reality rather than technical concepts, determined by reference not to isolated factors, but rather upon the circumstances of the whole activity." *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 141 (2d Cir. 2008) (citations omitted).

The Second Circuit has identified four factors that a court should address in applying, on a

10

case-by-case basis, the economic realities test: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984) (internal quotations and citations omitted); *see id*. at 12 n.1. Even in the absence of "formal control," an entity or individual may constitute an "employer" if that party had "functional control" of the employee. *See Glatt v. Fox Searchlight Pictures Inc.*, 293 F.R.D. 516, 526 (S.D.N.Y. 2013) (citing *Zheng*, 355 F.3d at 71-72), *vacated and remanded on other grounds*, 811 F.3d 528 (2d Cir. 2016). In accordance with these principles, "a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation. " *Moon v. Kwon*, 248 F.Supp.2d 201, 237 (S.D.N.Y. 2002) (quotations and citation omitted). Consequently, joint employers, including corporate officers with the "power to control," may be held jointly and severally liable for FLSA violations. *See Moon*, 248 F.Supp.2d at 236-37 (citations omitted) .

Plaintiff has sufficiently alleged that the Corporate Defendant was his employer for purposes of the FLSA and NYLL. Plaintiff has established that the Corporate Defendant own, operate and/or control the construction company that Plaintiff worked and that the Corporate Defendant possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff. The allegations contained in the Complaint are sufficient to find that the Corporate Defendant was Plaintiff's employer under the FLSA and NYLL. [*Id.*]. *See, e.g., Vargas v. Jet Peru-Courier Corp.,* 2018 WL 1545699, at *5-6 (E.D.N.Y. 2018).

    **ii.**     **Plaintiff's Overtime Claims**

Under the FLSA, an employee must "be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013) (citing 29 U.S.C. § 207(a)). In order to establish liability under the FLSA for unpaid minimum wages or overtime pay, "a plaintiff must prove that he performed work for which he was not properly compensated, and that the employer had actual or constructive knowledge of that work." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 361 (2d Cir. 2011) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946). Employers that violate these FLSA mandates "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The FLSA contains a two-year statute of limitations for non-willful violations, and, for willful violations, a three-year limitations period from the date that the claim accrued. *See* 29 U.S.C. § 255(a). The NYLL is quite similar to the FLSA in that it requires employers to pay a minimum hourly wage to employees, as well as overtime compensation. *See* N.Y. Lab. Law § 650 *et seq*.

As alleged in the Complaint, Plaintiff was employed as a manual laborer at Defendants' concrete company known A. Ochoa Concrete Corp., from on or around May 2022 to, through and including July 2022. [Dckt. No. 1 at ¶ 33]. From approximately May 2022 through and including July 2022, Plaintiff worked five (5) days per week, from approximately 7:00 a.m. to 5:30 p.m. (i.e., 10.5 hours per day), for a total period of approximately 52.5 hours during each of the weeks, respectively. [*Id*. at ¶ 34]. From approximately May 1, 2022, to, though, and including May 31, 2022, Defendants paid Plaintiff $20 per hour for all hours worked. [*Id*. at ¶ 35]. From June 1, 2022 to, though, and including July 2022, Plaintiff was paid $21 per hour for all hours worked. [*Id*. at ¶ 36].

12

Plaintiff is entitled to $1,660.71 unpaid minimum wages. A chart detailing this calculation is annexed to the Mizrahi Decl. as Exhibit "A".

### iii. Liquidated Damages

The FLSA provides that an employer who violates the overtime compensation requirements is liable for "an additional equal amount as liquidated damages," unless the employer demonstrates to the Court that it acted in good faith and had reasonable grounds for believing that its actions were lawful. *See* 29 U.S.C. §§ 216(b), 260. The current version of the NYLL similarly authorizes an award of liquidated damages to a prevailing plaintiff "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law…" N.Y. Lab. Law § 663(1) . Liquidated damages under the NYLL are likewise calculated at 100% of the unpaid wages due to a prevailing plaintiff. *See id*. As a result of the Corporate Defendant's default in this action, the record is devoid of evidence of their good faith or reasonable belief. *Asllani v. Hoti,* 2020 WL 5439761, at *4 (S.D.N.Y. 2020) (citation omitted). Therefore, Plaintiff is entitled to an award of liquidated damages under the FLSA.

Applying 100% liquidated damages as required, the Court should award Plaintiff $1,660.71 in liquidated damages for unpaid wages..

### iv. Plaintiff's WTPA Claims

Unlike the FLSA, the NYLL requires that employers provide employees, at the time of hiring, a notice that sets forth, among other things, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; allowances, if any, claimed as part of the minimum wage,…; the regular pay day…; the name of the employer;… [and] the regular hourly rate and overtime rate of pay." N.Y. Lab. Law § 195(1)(a). Moreover, section 195(3) of the NYLL obligates an employer to "furnish each employee with a statement with every payment of wages, listing…the dates of work covered by that payment of wages; …rate

13

or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages." N.Y. Lab. Law § 195(3) . Under the WTPA, plaintiff is entitled to "$50 per workday after February 27, 2015, up to $5,000 for failure to provide a wage notice." *Asllani,* 2020 WL 5439761 at *4 (citation omitted). Moreover, plaintiff is also entitled to "$250 per workday for each workday after February 27, 2015, up to $5,000 for failure to provide a wage statement." *Id*.

The Complaint sufficiently alleges that no notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages, as required under the FLSA or NYLL. [Dckt. No. 1 at ¶ 41]. Defendants did not provide Plaintiff a statement of wages, as required by NYLL 195 (3). [*Id.* at ¶ 42]. Defendants did not give any notice to Plaintiff of his rate of pay, employer's regular pay day, and such other information as required by NYLL 195(1). [*Id.* at ¶ 43]. Therefore, Plaintiff has properly stated claims for $9,550 in violations of the WTPA, and is entitled to recover the maximum penalty of $9,550 from the Corporate Defendant.

      v.      **Pre-Judgment Interest**

Although it is well settled that pre-judgment interest is not awardable under FLSA where liquidated damages are awarded, NYLL permits the award of both liquidated damages and prejudgment interest. *See Ting Yao Lin v. Hayashi Ya II, Inc*., 2009 WL 289653, at *7 (S.D.N.Y. 2009). "Under New York law, prejudgment interest is calculated at a rate of 9% per annum." *Id*. (citing N.Y. CPLR § 5004). Where "damages were incurred at various times, interest shall be computed…from a single reasonable intermediate date." N.Y. CPLR § 5001. The midpoint of the relevant period of plaintiff's employment is a reasonable intermediate date for purposes of calculating prejudgment interest. *Ting Yao*, 2009 WL 289653 at *7 (S.D.N.Y. 2009).

The amount of unpaid wages due to plaintiff under the NYLL, from the Corporate

Defendant is $1,660.71. The relevant period of employment for those wages is May 2022 through July 2022. The midpoint between those dates is June 15, 2022. Thus, prejudgment interest should be awarded at a daily rate of $0.41 from June 15, 2022 until the day final judgment is entered against the Corporate Defendant.

    **vi.       Attorneys' Fees**

Under both the FLSA and NYLL, a prevailing plaintiff is entitled to an award of reasonable attorney's fees. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). Plaintiff bears the burden of proving the reasonableness of the fees sought. *See Savoie v. Merchs. Bank*, 166 F.3d 456, 463 (2d Cir. 1999). The traditional approach to determining a fee award is the "lodestar" calculation, which is the number of hours expended multiplied by a reasonable hourly rate. *See Healey v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007). The Second Circuit has held that "the lodestar…creates a 'presumptively reasonable fee.'" *Millea v. Metro-North Railroad Co.*, 658 F.3d 154, 166 (2d Cir. 2011). A proper fee request thus includes "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015). The Court must also determine the reasonable hourly rate by considering the "prevailing market rate for lawyers in the district in which the ruling court sits." *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507 (S.D.N.Y. 2012). Courts can and should exercise broad discretion in determining a reasonable fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

The method for determining reasonable attorney's fees in this Circuit is based on a number of factors, such as the labor and skill required, the difficulty of the issues, the attorney's customary hourly rate, the experience, reputation and ability of the attorney, and awards in similar cases. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 186 n.3 (2d Cir. 2008). In particular, when assessing an attorney's requested hourly rate, courts typically

15

consider other rates awarded in the district in which the reviewing court sits. This is known as the "forum rule." *See Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174-175 (2d Cir. 2009). Once the Court determines the reasonable hourly rate, it must multiply that rate by the number of hours reasonably expended, in order to determine the presumptively reasonable fee. *See Arbor Hill*, 522 F.3d at 190.

      Plaintiff respectfully recommends an hourly rate of $450 for the services of Joshua D. Levin-Epstein ("Mr. Levin-Epstein"), and $325 for the services of Eunon Jason Mizrahi ("Mr. Mizrahi").[2] Other Courts have approved Mr. Levin-Epstein & Mr. Mizrahi's proffered billing rates. *See Stein v. Greenfeld et al,* Case No. 20-cv-01929-ARR-CLP, Dckt. No. 25 at *6-7 (E.D.N.Y. 2020); *Laureano-Capellan v. Chirichella et al,* Case No. 20-cv-00360-RER, July 15, 2020 Dckt. Entry (E.D.N.Y. 2020); *Feliciano v. Yoon et al,* Case No. 18-cv-06361-DLI-JO, March 27, 2020 Dckt. Entry (E.D.N.Y. 2020). Such fees are also within the range of reasonable rates for similarly experienced attorneys. *See Guerra v. Trece Corp.,* 2021 WL 1893593, at *2 (S.D.N.Y. 2021) (approving hourly rate of $450 for partner); *Meide Zhang v. Liang Zhang*, 2020 WL 9256464, at *6 (S.D.N.Y. 2020), *report and recommendation adopted as modified sub nom. Zhang v. Zhang*, 2021 WL 1154084 (S.D.N.Y. 2021) (approving $450 hourly rate as "reasonable"); *Salazar v. 203 Lena Inc.*, 2020 WL 5627118, at *11 (S.D.N.Y. 2020), *report and recommendation adopted,* 2020 WL 6257158 (S.D.N.Y. 2020) (recommending hourly rate of $500).

      Applying the percentage method, Plaintiff respectfully requests an award of attorneys' fees in the amount of $6,943.75. Plaintiff further requests an award of $512.70 for costs incurred in filing fees ($402.00) and service of process ($110.70). Proof of disbursements substantiating these fees are annexed to the Mizrahi Decl. as **Exhibit "B"**

---

[2] A brief biography and summary of qualifications of each attorney who performed billed work in this matter is included in the Mizrahi Decl. at ¶¶ 6-11. Contemporaneous billing records, documenting each attorneys' hourly rate, hours expended, and tasks worked on in the above-referenced matter, is annexed to the Mizrahi Decl. as Exhibit "B".

16

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Default should be granted in its entirety, and this Court should enter an Order: (i) granting default judgment against the Corporate Defendant in the amount of $1,660.71 in unpaid overtime wages, $1,660.71 in liquidated damages, $9,550 in statutory damages under the WTPA, $6,943.75 in attorneys' fees, and $512.70 in costs; and (ii) awarding prejudgment interest on Plaintiff's unpaid wages award of $1,660.71, in an amount to be determined by the Clerk of Court, by multiplying $0.41 by the number of days from June 15, 2022 until the day final judgment is entered against the Corporate Defendant; (iii) together with such other relief as this Court deems just and proper.

Dated: New York, New York
January 3, 2023

By: /s/ Jason Mizrahi
Jason Mizrahi, Esq.
Joshua D. Levin-Epstein, Esq.
Levin Epstein & Associates, P.C.
60 East 42nd Street, Suite 4700
New York, NY 10165
Telephone: (212) 792-0048
Email: jason@levinepstein.com
*Attorneys for Plaintiff*